Douglas D. Phelps
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802
ISBA # 4755

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COURTNEY RACHAEL MADSEN, a single person, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983** |
| vs. | |
| JOSHUA KAGARICE and JANE DOE KAGARICE, husband and wife and the marital community comprised thereof, | |
| Defendants. | |

COMES NOW the Plaintiff, COURTNEY RACHEL MADSEN, by and through her attorney, DOUGLAS D. PHELPS of PHELPS & ASSOCIATES, P.S., and for a cause of action against the Defendant above-named alleges as follows:

## I. INTRODUCTION

1.1    This is a civil action seeking compensatory and punitive damages against the Defendant for police brutality and excessive force, for wrongful arrest and for malicious prosecution, and for committing acts under color of law,

depriving the Plaintiff of rights secured by the United States Constitution and the laws of the United States.

1.2    Defendant Joshua Kagarice, while in his capacity as a trooper with the Idaho State Police, acted to and did in fact deprive the Plaintiff Courtney Madsen of her constitutional rights contrary to the United States Constitution, 42 U.S.C. Section 1983 and 1988, under the Civil Rights Act of 1971 and the common law.

1.3    The Plaintiff suffered injury after she was aggressively and without authority of law assaulted by Officer Joshua Kagarice while in the privacy of her own home, then arrested without authority of law and maliciously prosecuted in order to protect Defendant Kagarice's unlawful conduct.

## II. JURISDICTION AND PARTIES

2.1    This action is brought pursuant to 42 USC Section 1983 and 1988, under the Civil Rights Act of 1971, alleging that the Defendant acted under the color of law, depriving the Plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2.2    This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

2.3    All acts and omissions complained of occurred in the District of Idaho.

2.4    Plaintiff Courtney Madsen was at all times relevant hereto a resident of Kootenai County, Idaho.

2.5    Defendant Joshua Kagarice, individually, based upon information and belief is believed to have been a resident of Kootenai County, Idaho, at all times material hereto and was a law enforcement officer employed by the Idaho State Police at all times relevant to this action.

2.6    Defendant Jane Doe Kagarice, based upon information and belief is believed to have been a resident of Kootenai County, Idaho, at all times material hereto and was the wife of Joshua Kagarice at all times relevant to this action.

2.7    The venue is proper in the District of Idaho under 28 U.S.C. Section 1391 in that the Defendant and Plaintiff resided in, and the cause of action arises in, the District of Idaho.

### III. FACTUAL HISTORY

3.1    On or about June 1, 2017, at approximately 0330 hours Pacific Standard Time, Officer JOSHUA KAGARICE in full police uniform and carrying weapons, having just finished his shift as a patrol trooper with the Idaho State Police, received a message from JANE DOE KAGARICE that a vehicle in their neighborhood was sounding its car alarm and keeping her and her newborn child from sleeping.

3.2     Officer JOSHUA KAGARICE while in full police uniform contacted dispatch to determine whether any other law enforcement officer had responded to the car alarm and learned no one had been dispatched.

3.3     Officer JOSHUA KAGARICE decided he would investigate the alarm on his way home and arrived at COURTNEY MADSEN's home located at 18138 West Spuler Road in Hauser, Idaho, shortly before 0400 hours Pacific Standard Time.

3.4     Officer JOSHUA KAGARICE investigated the vehicle alarm believing it was a 1989 Subaru Legacy that was parked in the driveway of COURTNEY MADSEN's home.  However, COURTNEY MADSEN's 1989 Subaru Legacy did not have a battery in it and therefore it's alarm was not functioning.

3.5     Also outside in COURTNEY MADSEN's yard was her family dog.

3.6     As Officer JOSHUA KAGARICE approached COURTNEY MADSEN's front door, he used his police-issued pepper spray on the family dog.

3.7     Despite having no complaints from anyone but his wife, and not having encountered any issues with MADSEN's car alarm prior to this incident, Officer JOSHUA KAGARICE knocked on MADSEN's door to investigate what he believed was a misdemeanor violation of a local or county ordinance relating to noise.

3.8    Officer JOSHUA KAGARICE knocked forcefully on the door and announced "State Police – Come to the door!" but received no response and after approximately four minutes left the Madsen residence.

3.9    During the intervening period, the car alarm reportedly stopped.

3.10   Conducting further investigation, Officer JOSHUA KAGARICE learned the Subaru was registered to a "Craig King and Courtney Madsen" through use of the Idaho State Police records check.

3.11   At approximately 1717 hours Pacific Standard Time Officer JOSHUA KAGARICE in an Idaho State Police uniform returned to the home of COURTNEY MADSEN.

3.12   At the time he arrived and during the subsequent encounter with the Plaintiff, the Subaru's car alarm was not sounding.

3.13   Upon knocking on the door, Officer JOSHUA KAGARICE was met by COURTNEY MADSEN, who was dressed in her sleeping attire.

3.14   A screen door to the residence physically separated the two from each other and was closed but not locked.

3.15   Officer JOSHUA KAGARICE identified himself as an officer with the Idaho State Police and said he had responded to her car alarm during the morning and was allegedly continuing an investigation of a noise ordinance violation.

3.16   COURTNEY MADSEN informed Officer JOSHUA KAGARICE that she had reviewed her surveillance video from the morning and was very upset that he had used his pepper spray on her family dog.

3.17   COURTNEY MADSEN also informed Officer JOSHUA KAGARICE that she was coming to the door at the same time he was leaving earlier that morning.

3.18   Officer JOSHUA KAGARICE demanded she identify herself.

3.19   COURTNEY MADSEN, still standing behind the closed screen door, informed him that her name was "Courtney" but declined to provide additional information.

3.20   Officer JOSHUA KAGARICE on several occasions told COURTNEY MADSEN that her failure or refusal to identify herself would result in her arrest, as he was investigating a misdemeanor and the law required her to identify herself upon demand.

3.21   COURTNEY MADSEN expressed confusion about why she would be arrested and what misdemeanor crime he was investigating.

3.22   Officer JOSHUA KAGARICE then demanded COURTNEY MADSEN exit her residence as she was under arrest, which she refused to do.

3.23   Officer JOSHUA KAGARICE then, without lawful authority, entered COURTNEY MADSEN's home, physically grabbed her and placed handcuffs on her wrists, restraining her movement.

3.24   Officer JOSHUA KAGARICE then placed COURTNEY MADSEN in the back seat of his police vehicle and proceeded to the county jail where COURTNEY MADSEN was booked into jail on charges of resisting arrest and obstructing a law enforcement officer, based on Officer JOSHUA KAGARICE's claims that she had refused to fully identify herself and her refusal to exit her home.

3.25   A probable cause affidavit authored by Officer JOSHUA KAGARICE was submitted to the First Judicial District Court, initiating the criminal case State of Idaho v. Courtney Rachel Madsen, Case No. CR-2017-9215, for charges of resisting arrest and obstructing a law enforcement officer.

3.26   Sometime after the arrest of COURTNEY MADSEN, the Idaho State Police requested the Kootenai County Sheriff's Office to investigate the incident between Officer JOSHUA KAGARICE and COURTNEY MADSEN to determine whether an unlawful arrest or an assault occurred.

3.27   The investigation by the Kootenai County Sheriff's Office determined Officer JOSHUA KAGARICE did in fact commit an unlawful arrest and a probable cause affidavit authored by Sheriff's Detective Ryan Duncan was submitted to the First Judicial District Court, initiating the criminal case State of Idaho v. Joshua

Paul Kagarice, Case No. CR-2017-21189, for the charge of committing an unlawful arrest.

3.28   COURTNEY MADSEN was injured as a result of Officer JOSHUA KAGARICE's negligence, violation of her constitutional rights under the 4th and 14th Amendments to the U.S. Constitution, and lack of knowledge, training and supervision relating to basic police procedure, including use of force and restraining a non-violent suspect.

## IV. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT), THE U.S. CONSTITUTION AND THE IDAHO STATE CONSTITUTION

Plaintiff COURTNEY MADSEN re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 4.1 to 4.28.

4.29   The Defendant caused or failed to prevent injury to COURTNEY MASDSEN in violation of her rights under 42 USC 1983.

4.30   As a result of the deprivations and violations to COURTNEY MADSEN's rights, she has suffered and continues to suffer injury as a result, including but not limited to physical, psychological, and emotional injuries.

4.31   COURTNEY MADSEN was subjected to unlawful  and unreasonable force by Officer JOSHUA KAGARICE.   There was no substantial government

interest in using such significant force to effect COURTNEY MADSEN's arrest for ordinance/infraction violations that are nonviolent and minor in nature.

4.32   Officer JOSHUA KAGARICE used excessive force in his arrest and detention of COURTNEY MADSEN in violation of the Fourth Amendment to the United States Constitution.

4.33   Officer JOSHUA KAGARICE violated COURTNEY MADSEN's Fourth and Fourteenth Amendment rights when he entered her home and seized her without a lawful basis or warrant.

4.34   As a result of the actions or inactions of Officer JOSHUA KAGARICE, Plaintiff COURTNEY MADSEN suffered and continues to suffer injury, including but not limited to, injuries that are physical, psychological, and emotional.

4.35   Officer JOSHUA KAGARICE acted with malice, was reckless and he also acted with a callous indifference to COURTNEY MADSEN's rights pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.36   That as a result of the violations to COURTNEY MADSEN's constitutional rights, she has suffered and continues to suffer injury as a result.

## V.  FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff COURTNEY MADSEN re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 5.1 to 5.28.

5.29    Officer JOSHUA KAGARICE, by the exercise of force or by an express or implied threat of force, arrested Plaintiff COURTNEY MADSEN by restraining, confining and/or detaining plaintiff's personal liberty when he placed his hands upon her person and physically manipulated her arms behind her back, placing handcuffs on her wrists.

5.30    Officer JOSHUA KAGARICE acted intentionally in arresting plaintiff COURTNEY MADSEN.

5.31    Officer JOSHUA KAGARICE acted unlawfully.

5.32    The arrest was against the will and without the consent of Plaintiff COURTNEY MADSEN.

5.33    As a result of the false arrest and false imprisonment, Plaintiff COURTNEY MADSEN suffered damages.

## VI.  BATTERY

Plaintiff COURTNEY MADSEN re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 6.1 to 6.28.

6.29    Officer JOSHUA KAGARICE intentionally touched Plaintiff COURTNEY MADSEN when he physically restrained her.

6.30    Plaintiff COURTNEY MADSEN did not permit or consent to the touching and in fact protested Officer JOSHUA KAGARICE's actions.

6.31    Officer JOSHUA KAGARICE knew the touching was not permitted.

6.32   The touching was unlawful, harmful and offensive.

## VII.  MALICIOUS PROSECUTION

Plaintiff COURTNEY MADSEN re-alleges and incorporates paragraphs 3.1 to 3.28 as paragraphs 7.1 to 7.28.

7.29   Plaintiff COURTNEY MADSEN was prosecuted in State of Idaho v. Courtney Rachel Madsen, Case No. CR-2017-9215, for charges of resisting arrest and obstructing a law enforcement officer.

7.30   The prosecution of COURTNEY MADSEN was terminated in her favor.

7.31   The prosecution of COURTNEY MADSEN was instigated by Officer JOSHUA KAGARICE's false claims.

7.32   Officer JOSHUA KAGARICE was activated by malice.

7.33   Officer JOSHUA KAGARICE had not established probable cause, and there was in fact a lack of probable cause, to arrest Plaintiff COURTNEY MADSEN.

7.34   The malicious prosecution of COURTNEY MADSEN caused her to sustain damages in an amount to be proven at trial.

## VIII.  JURY DEMAND

8.29   Plaintiff demands a jury on all issues so triable.

## IX. RELIEF SOUGHT

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

a. Past and future medical expenses.
b. Past and future emotional and psychological counseling costs.
c. Past and future loss of earnings.
d. Permanent and partial impairment of earnings and earning capacity.
e. Pain and suffering.
f. Past and future permanent and partial disability.
g. Loss of enjoyment of life.
h. Past and future special damages.
i. Interest calculated at the maximum amount allowable by law, including prejudgment interest.
j. Injunctive relief to prevent future actions to protect others similarly situated.
k. Injunctive relief prohibiting Officer Joshua Kagarice from being employed as a law enforcement officer without proper retraining and supervision.
l. Punitive damages.
m. Actual or compensatory damages.
n. Presumed damages.
o. Nominal damages.
p. Attorneys' fees and cost.
q. Cost and disbursements herein in an amount to be proven at the time of trial.
r. Such other relief as the Court believes is equitable and just.

///                                                                             ///

///                                                                             ///

Dated this 23rd day of May, 2019 at Spokane, Washington.

PHELPS & ASSOCIATES, P.S.
Attorneys for Plaintiff


*/s/ Douglas D. Phelps*
DOUGLAS D. PHELPS, ISBA # 4755
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467, Fx: (509) 921-0802
phelps@phelpslaw1.com

County of Spokane                              )

COURTNEY R. MADSEN, being first duly sworn on oath, deposes and states:

I am the named Plaintiff herein, I have read the foregoing Complaint for Civil Rights Violations Under 42 U.S.C. § 1983, I know the contents thereof, and I believe the same to be true and correct.


_____
COURTNEY R. MADSEN

SUBSCRIBED AND SWORN TO before me this 23 day of May, 2019.


NOTARY PUBLIC for the State of Washington
Residing at _Spokane, WA_
My commission expires: _06/ 15/ 2021_

**COMPLAINT FOR CIVIL RIGHTS**
**VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 13**