UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COURTNEY RACHEL MADSEN,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA KAGARICE, et al.,<br><br>Defendants. | Case No. 2:19-cv-00193-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Motion to Dismiss filed by Defendants, Joshua Kagarice and Jane Doe Kagarice. (Dkt. 32.) Defendants seek dismissal of this action with prejudice for Plaintiff's failure to comply with a court order and failure to prosecute. For the reasons discussed below, the Court will grant the Motion to Dismiss based on failure to prosecute but will dismiss the action without prejudice.

## BACKGROUND

This action was initiated by Plaintiff, Courtney Rachel Madsen, through counsel, on May 24, 2019, with the filing of a complaint alleging that Defendants violated Madesn's civil rights. (Dkt. 1.) A Scheduling Order was issued in September 2019 (Dkt. 17), which was modified pursuant to stipulation in February

2020 (Dkt. 24). The case appeared to be proceeding under the modified schedule, and initial disclosures were exchanged between the parties. However, in July 2020, Madsen's counsel filed a motion to withdraw. (Dkt. 25.) That motion, and the documents filed in support of the motion, indicated, among other things, that Plaintiff's counsel had been having trouble communicating with Madsen because Madsen did not have a current address or a phone number at which counsel could contact her. Madsen indicated that this problem was because she did not have a place to live. Efforts by counsel to contact Madsen at her last known address and phone number had been unsuccessful. (*See* Dkts. 25, 27, 28.)

The Court granted the motion to withdraw in an Order entered on July 6, 2020. (Dkt. 31.) That Order was sent to Madsen via mail to her last known address. In September 2020, Defendants filed a motion to dismiss. (Dkt. 32.) Madsen has not filed a response to the motion or otherwise made an appearance *pro se* or through substitute counsel.

## ANALYSIS

Defendants contend that dismissal of this action is appropriate because (a) more than 21 days have passed since the Court entered its Order granting Plaintiff's counsel leave to withdraw and Madsen has not appeared *pro* se or through substitute counsel, and (b) Madsen has failed to prosecute this action. (Dkt 32.)

### A. Failure to appear *pro se* or through substitute counsel

Local Rule 83.6(c), which addresses the withdrawal of counsel, imposes numerous explicit requirements on motions to withdraw and orders granting such motions. Many of those requirements were not followed in this case.

First, the Local Rules require an attorney seeking to withdraw "must present to the Court a proposed order permitting the attorney to withdraw and directing the client to appoint another attorney to appear, or to appear in person by filing a notice with the Court stating how the party will be represented." Local Rule 83.6(c)(1). It does not appear that Plaintiff's counsel complied with this requirement.

Second, the Local Rules require that, "[a]fter the Court has entered such order, the withdrawing attorney must forthwith and with due diligence serve all other parties." *Id.* Again, it does not appear that Plaintiff's counsel complied with this requirement.

Third, the proposed order from counsel seeking to withdraw is to provide that the withdrawing attorney "must continue to represent the client until proof of service of the withdrawal order on the client has been filed with the Court." Local Rule 83.6(c)(2). Again, this requirement was not followed. Indeed, not only does it appear that Plaintiff's counsel failed to provide an appropriate proposed order to

the Court, but the Court also did not include in its Order granting withdrawal any requirement that Plaintiff's counsel file proof that the Order was served on Madsen, and did not require that Plaintiff's counsel continue to represent Madsen until such proof of service was filed.

Finally, the Local Rules require that a proposed order allowing counsel to withdraw include a provision that the client be allowed twenty-one days after the filing of proof service to "advise the Court in writing in what manner the client will be represented." Local Rule 83.6(c)(2). Again, this requirement was not complied with, and the Court's Order allowing counsel to withdraw did not include instructions for Madsen regarding substitute counsel or her appearance *pro se*, or impose any other requirement on Madsen. Nor did the Court's Order provide any explanation as to why the requirements of Local Rule 83.6(c) were not followed.

In light of these failures of Plaintiff's counsel to abide by the requirements of Local Rule 83.6(c), and the lack of explanation by counsel as to why those requirements were not followed, the Court does not find Plaintiff Madsen's failure to appear in this action, either in person or through substitute counsel, sufficient by itself to warrant dismissal.

In so finding, the Court notes that the record is replete with information regarding Plaintiff's lack of address at which she can receive mail and indicates, as

**MEMORANDUM DECISION AND ORDER - 4**

previously noted, that this was because Plaintiff did not have an address at which she was residing. The lack of a current accurate address for Plaintiff was reinforced by the fact that the Notice to Pro Se Litigants (Dkt. 32), which the Court sent via mail to Plaintiff's last known address, was returned by the post office, with the notation, "Return to Sender, No Such Person," and "Unable to Forward." (Dkt. 34.)

The Court has also attempted to obtain a current address for Plaintiff by contacting Plaintiff via email at crmadsen2@gmail.com, but did not receive a response to that email; and has attempted to contact Plaintiff by phone call to 208-964-8624, a number that was used by Plaintiff to send text messages to her former counsel, but that number is no longer in service.

Under these circumstances, the Court does not find Plaintiff's failure to appear *pro se* or through substitute counsel within twenty-one days of the Court's Order granting the motion to withdraw to be a sufficient basis, in and of itself, for granting dismissal of the case.

B.  **Failure to prosecute**

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it."

In determining whether a plaintiff's failure to prosecute warrants dismissal, a

court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.1988).

Here, the first, second, and third factors favor dismissal. Madsen's failure to communicate with the Court over the five-month interim since the Court granted her counsel leave to withdraw, and failure to apprise the Court of her current address and a reasonable means of contacting her, is preventing this case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Because Plaintiff has failed to communicate with the Court and provide the Court with a valid address and other means of communicating with her, the Court can think of no alternative to dismissal. The Court will accordingly grant dismissal of this action on the basis of Plaintiff's failure to prosecute. However, because it is unclear whether Plaintiff actually received the Court's Order granting withdrawal of her counsel, or Defendants' Motion to Dismiss, dismissal will be without prejudice.

**MEMORANDUM DECISION AND ORDER - 6**

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Dismiss (Dkt. 32) is GRANTED.

2. This action is DISMISSED without prejudice for failure to prosecute.

DATED: December 23, 2020

B. Lynn Winmill
U.S. District Court Judge